# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0970** (Jefferson County 96-F-73)

**James F.,**
**Defendant Below, Petitioner**

**FILED**

**October 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James F.,[1] pro se, appeals the September 14, 2016, order of the Circuit Court of Jefferson County denying his motion for reduction of sentence. Respondent the State of West Virginia ("the State"), by counsel Robert L. Hogan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[2] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial, petitioner was convicted of four counts of second degree sexual assault against his fourteen-year-old stepdaughter. The circuit court sentenced petitioner to a term of ten to twenty-five years of incarceration with regard to each of his convictions. The circuit court ordered petitioner to serve his sentences of incarceration consecutively with regard to the first three counts and to serve his sentence of incarceration for the fourth count concurrently with his sentence for count three, for an aggregate term of thirty to seventy-five years of incarceration.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]By order entered May 30, 2017, we granted the State's motion to file the supplemental appendix and ordered that the appendix be deemed filed.

1

Petitioner subsequently sought review of his convictions and sentences in this Court, which refused his appeal on September 18, 1997.

On October 9, 1997, petitioner filed a motion to undergo a mental evaluation in anticipation of filing a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court granted the request on October 20, 1997, and petitioner was then evaluated on December 19, 1997. The evaluator reported that petitioner had "organic brain dysfunction" and that he "may indeed have difficulty understanding legal terminology[,] which average people can be reasonably expected to comprehend readily." However, the evaluator further reported that a sex offender often has a high potential of reoffending.

Petitioner filed a Rule 35(b) motion for reduction of sentence on January 20, 1998, wherein he acknowledged the evaluator's opinion regarding the high rate of recidivism among sex offenders. However, petitioner contended that, if all his sentences were ordered to be served concurrently, he would not be released until he was almost sixty years old.[3] By order entered on March 2, 1998, the circuit court denied the motion for reduction of sentence on the following grounds: (1) a reduction in petitioner's sentence would unduly depreciate the seriousness of petitioner's crime; (2) petitioner needed confinement within a correctional center; and (3) there was "a substantial risk that [petitioner] would commit another crime after a period of release."

From 1999 through 2016, petitioner regularly sent the circuit court random notes and letters. In a letter dated September 14, 2016, petitioner again requested that he be allowed to serve all of his sentences concurrently and asserted that he had a "mental illness." The circuit court treated petitioner's letter as another Rule 35(b) motion. By an order entered on September 14, 2016, the circuit court denied the motion for reasons substantially similar to the grounds for denial set forth in the circuit court's order denying petitioner's January 20, 1998, motion for reduction of sentence.

Petitioner appeals from the circuit court's September 14, 2016, order denying his Rule 35(b) motion for reduction of sentence. In syllabus point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

---

[3]Petitioner was forty-eight years old at the time of the filing of his January 20, 1998, motion for reduction of sentence.

On appeal, petitioner repeats his request that he be allowed to serve all of his sentences concurrently. The State counters that the circuit court denied a similar Rule 35(b) motion in 1998. We agree with the State and find that the record was previously developed with regard to petitioner's potential to conform his conduct to the requirements of the law should his sentences be reduced. As petitioner acknowledged in his 1998 motion for reduction of sentence, his mental evaluation did not support his request for a reduction given the high rate of recidivism among sex offenders. Petitioner raises nothing new in his instant Rule 35(b) motion, but again relies on his age and his "organic brain dysfunction."[4]

We note that the standard of review adopted in *Head* continues "the deference we have traditionally accorded trial courts in matters of sentencing." 198 W.Va. at 301, 480 S.E.2d at 510; *see* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982) (holding that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review"). Based on the record, and given the reasons stated in the circuit court's March 2, 1998, order and reiterated in its September 14, 2016, order, we cannot say that the circuit court abused its discretion in denying petitioner's 2016 motion for a reduction of sentence.

For the foregoing reasons, we affirm the circuit court's September 14, 2016, order denying petitioner's motion for reduction of sentence.

Affirmed.

**ISSUED**:  October 13, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[4]Petitioner states that he is now sixty-seven years old.